**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4466**

_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

OMAR LOPEZ-VERDIN,

              Defendant – Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:08-cr-00191-NCT-1)

_____

Submitted:  March 23, 2010          Decided:  April 15, 2010

_____

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omar Lopez-Verdin pled guilty, pursuant to a plea agreement, to one count of illegal reentry of an aggravated felon after removal, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced Lopez-Verdin to 78 months' imprisonment. Lopez-Verdin now appeals. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that the appeal raises no meritorious grounds but questioning whether the 78-month sentence is reasonable. Lopez-Verdin was informed of his right to file a pro se supplemental brief but has not done so, and the Government declined to file a brief. We affirm.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. Our review of the transcript of the plea hearing leads us to conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Lopez-Verdin's guilty plea and that Lopez-Verdin's substantial rights were not infringed. Critically, the transcript reveals that the district court ensured that the plea was supported by an independent factual basis and that Lopez-Verdin entered the plea knowingly and voluntarily with an understanding of the attendant consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

2

Turning to Lopez-Verdin's sentence, we review it under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In conducting this review, we first examine the sentence for "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances" of the case and the defendant, and "must state in open court the particular reasons supporting its chosen sentence." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted).

If the sentence is free of procedural error, we then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, this court applies a presumption on appeal that the sentence is reasonable. See United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

3

Here, the district court correctly calculated the advisory Guidelines range and heard argument from the parties on the appropriate sentence and allocution from Lopez-Verdin. In declining to grant Lopez-Verdin's request for a downward departure on the basis of cultural assimilation, the court explained that such departure was not appropriate in light of Lopez-Verdin's age upon entry to the United States, criminal record, and knowledge that his return to the United States after deportation was prohibited. Further, neither counsel nor Lopez-Verdin offers any grounds to rebut the presumption that the within-Guidelines sentence is reasonable. Thus, we conclude that the district court did not abuse its discretion in sentencing Lopez-Verdin.

We therefore affirm the district court's judgment. This court requires that counsel inform Lopez-Verdin, in writing, of the right to petition the Supreme Court of the United States for further review. If Lopez-Verdin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lopez-Verdin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED